

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2003

# Hughes v. Shestakov

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3317

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Hughes v. Shestakov" (2003). *2003 Decisions.* Paper 243.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/243

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3317

JOHN HUGHES,
Appellant

v.

DEBORAH SHESTAKOV, a/k/a Debbie Cannon, a/k/a Debbie Shestakoo;
JOHN SHESTAKOV, a/k/a Frank Shestakoo;
DEBBIE SHESTAKOV MARTIN, a/k/a Debbie Shestakoo;
RICHARD CANNON, OFFICER;
CITY OF PHILADELPHIA;
COLLEEN PRATT, a/k/a Mrs. John Devlin;
GORDON PRATT; SERGEANT RAWLINGS;
OFFICER SPEARMAN; OFFICER WILLIAMS
JENETTE CARTER

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 00-cv-06054
(Honorable John R. Padova)

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2003

Before: SCIRICA, Chief Judge, RENDELL and AMBRO, Circuit Judges

(Filed    September 30, 2003   )

SCIRICA, <u>Chief</u> <u>Judge</u>.

In this action under 42 U.S.C. § 1983, plaintiff John Hughes brought claims of false arrest, excessive force, and conspiracy to commit false arrest and excessive force against several identified neighbors and police officers, as well as against the City of Philadelphia. The District Court granted defendants summary judgment on all federal claims, and declined to exercise jurisdiction over the state claims. Summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Because there is no genuine issue of material fact, we will affirm.[1]

## I.

This lawsuit arises as a result of a dispute between John Hughes and various neighbors on Richmond Street, in the Port Richmond neighborhood of Philadelphia. In early 2000, Hughes complained to his neighbors John and Deborah Shestakov that they monopolized the street's public parking places. The Shestakovs refused to move their

---

[1]The District Court correctly found that a party may not raise, in response to a motion for summary judgment, claims which were not raised in the initial pleadings. <u>See</u>, <u>e.g.</u>, <u>Rand v. Mannesmann Rexroth Corp.</u>, 2002 WL 55039, at \*8 (E.D. Pa. Apr. 15, 2002). In his second amended complaint Hughes fails to assert that the policies, practices or customs of the police department and the City of Philadelphia in the form of Police Directive 60 are unconstitutional. <u>Monell v. New York City Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978).

vehicles and Hughes subsequently blocked their pickup truck with trash cans containing cinder blocks and heavy debris.  Deborah Shestakov, who is the sister of a police officer in the 24th District of Philadelphia, telephoned the police to complain of Hughes's behavior.  Officer Richard Cannon, Shestakov's brother, was one of the officers who responded to the Shestakov's call.  Cannon directed Hughes to remove the trash cans immediately or be subject to a ticket.

Subsequent to this initial call, both Hughes and the Shestakovs called the 24th District on numerous occasions to report property damage and harassment.  Officer Cannon did not respond to any of these subsequent calls.

On July 27, 2001, Deborah Shestakov called the 24th District to report that she had witnessed Hughes throwing an object at her car's front windshield, causing a crack. Officers Brian Spearman and Jenette Carter responded to the call and arrested Hughes after conferring with their supervisor, Sergeant Frank Rawling.  Hughes claims he had difficulty getting into the police van and endured a "rough ride" to the station.  After signing a citation prepared by Officer Spearman, Hughes was released.

This suit alleges claims of false arrest, excessive force, and conspiracy.  The District Court granted summary judgment to defendants and Hughes timely appealed.

II.

Hughes was arrested for criminal mischief, which is a summary offense. Philadelphia Police Department Directive 60 authorizes police officers to take into

3

custody anyone charged with a summary offense. *App.* at 99 ("Philadelphia Police Dept. Directive 60, Subject: Summary Offenses," Sept. 6, 1984). Hughes contends the police directive, which does not require an arrest warrant and permits an arrest based on the testimony of one witness, violates his Fourth Amendment rights. But the Fourth Amendment does not require an arrest warrant for a minor criminal violation. Atwater v. City of Lago Vista, 532 U.S. 318, 341 n. 11 (2001) ("We need not, and thus do not, speculate whether the Fourth Amendment entails an 'in the presence' requirement for purposes of misdemeanor arrests.").

The Shestakovs had prior disputes with Hughes. Hughes contends that Deborah Shestakov's credibility is suspect and her testimony alone cannot establish probable cause. We evaluate the officers' decision to make a warrantless arrest under a standard of probable cause:

> The determination that probable cause exists for a warrantless arrest is fundamentally a factual analysis that must be performed by the officers at the scene. It is the function of the court to determine whether the objective facts available to the officers at the time of arrest were sufficient to justify a reasonable belief that an offense [had been] committed.

Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).

We agree with the District Court that there were sufficient objective facts for the police officers, upon arriving on the scene, to reasonably believe that Hughes had caused at least some of the damage to the windshield. This is sufficient to establish probable cause. Summary judgment was thus proper on the false arrest claim.

4

### III.

In analyzing an excessive force claim, the proper test is objective reasonableness. Graham v. Connor, 490 U.S. 386, 394 (1989). After arresting Hughes, the police officers escorted him into the back of a police van which was equipped to carry around fifteen people. Hughes claims to have bumped his head on the police van and had his shoulders jerked by the officers. He also says the officers gave him a "rough ride" in the van. Hughes asserts that the very use of this type of police van was a police department conspiracy to intimidate and harm those brought into custody. Under a standard of objective reasonableness, Hughes has not made out a claim of excessive force. Summary judgment on the excessive force and conspiracy claims was proper.[2]

### IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[2]Because we find no constitutional violations, we do not reach the question of qualified immunity.

5

TO THE CLERK:

Please file the foregoing opinion.

/s/Anthony J. Scirica

Chief Judge